## PICKETT and wife vs. CROOK.

*Exemplary damages—Reversal of judgment for erroneous instruction.*

1. For injuries inflicted by a domestic animal permitted to run at large, and alleged to have been known by defendant to be vicious and disposed to injure mankind, exemplary damages are allowed only on proof of gross and criminal negligence, evincing a wanton disregard of the safety of others, and in law equivalent to malice.

2. Where the evidence will admit of doubt as to the existence of such negligence, it is error to instruct the jury, without qualification, that "they may find exemplary damages; that this is one of those cases in which such damages are allowed."

3. A judgment for the plaintiff is reversed, and a new trial granted, for such erroneous instruction, though the damages found by the jury do not appear to this court excessive.

APPEAL from the Circuit Court for *Dodge* County.

This was an action to recover for injuries inflicted on the plaintiff *Elizabeth Pickett* by a ram belonging to the defendant, which was permitted to run in in the highway and is alleged to have been a vicious animal and disposed to injure mankind, of which fact defendant had notice. The answer denied all the material allegations of the complaint as to the injury. The testimony on both sides was voluminous, but need not be stated here. The court instructed the jury that for the plaintiffs to recover, they must find that she was injured by a ram which belonged to defendant; that the animal was vicious and disposed to injure mankind; and that defendant was aware of this fact at and before the time of the injury. Defendant requested the court to instruct the jury that no exemplary damages could be allowed in this case, nor damages for mental distress; but the court refused this instruction, and told the jury "they were at liberty to find exemplary damages; that this is one of those cases in which they can be allowed."

Verdict for the plaintiff, for $100; motion for a new trial overruled; and judgment upon the verdict; from which the defendant appealed.

*E. P. Smith*, for appellant, to the point that the instruction as to exemplary damages was erroneous, cited *Barnes v. Mar-*

*tin*, 15 Wis., 240; *Ives v. Humphreys,* 1 E. D. Smith, 196; *Wallace v. The Mayor &c.*, 2 Hilt., 440; 18 How. Pr. R., 169; *Baird v. Dunning*, 11 Wis., 68; *Fry v. Bennett*, 4 Duer, 247; *Cramer v. Noonan*, 4 Wis., 231.

*Lewis & Fribert*, for respondents, argued that as defendant had merely excepted to the instruction, without asking the judge to define the conditions under which the jury was at liberty to find exemplary damages, the verdict should not have been set aside if the charge was right under any state of facts which the jury might have found under the evidence (*R. R. Co. v. Hunter*, 11 Wis., 160; *Pilling v. Otis*, 13 id., 495); and that in this case the evidence showed gross and wanton negligence.    2. Even if the instruction was erroneous, there is no reason to suppose that the verdict was affected by it, the damages being clearly not excessive in any case; and the judgment will therefore not be reversed.    *Kuehn v. Wilson,* 13 Wis., 104, 108, 109; *Manny v. Glendinning*, 15 Wis., 50, 53, and cases there cited.

DIXON, C. J.    Though the damages do not appear to be exceesive, nor the verdict unjust, yet as the jury acted under an erroneous instruction, the influence of which cannot now be determined, the judgment must be reversed and a new trial awarded.    It was error to charge the jury "that they were at liberty to find exemplary damages; that this is one of those cases in which they can be allowed."    This instruction was too broad and unqualified.    The conditions under which the jury were authorized to give exemplary damages were wholly undefined; and the amount of such damages left to a vague sense of propriety on their part.    Exemplary damages in cases of this nature can only proceed from gross and criminal negligence—such negligence as evinces on the part of the defendant a wanton disregard of the safety of others, and which in law is equivalent to malice.    In such cases the jury may give exemplary damages, by way of punishment, proportioned to the degree of negligence or wantonness shown.    The jury should

have been instructed that, if they found these conditions, of which the evidence seems very slight, then they were at liberty to give such exemplary damages as, under all the circumstances, would be just. As the instruction is, the question of gross negligence or wanton misconduct on the part of the defendant was assumed by the court, and not left to the consideration of the jury at all.

*By the Court.*—The judgment is reversed, and a new trial awarded.