## REED, Respondent, vs. KEITH, Appellant.

*May 7 — May 24, 1898.*

*Slander: Punitory damages: Excessive damages, when not apportionable: Appeal.*

1. In an action for slander, only compensatory damages are recoverable, where there is no proof of actual malice or ill-will, or of facts and circumstances from which they can justly be inferred. They cannot be so inferred from mere proof that the defendant, the commander of a vessel, when the plaintiff, an employee, was leaving the vessel, ordered him never to return, and when asked why, said in the hearing of others, "you stole,— detectives saw you,— I wont have any thieves on board."

2. Upon appeal in an action for slander, where the trial court submitted the question of punitory damages to the jury, and they

returned a verdict for an entire sum which was clearly excessive, and that court, on the plaintiff's remitting a certain sum, ordered judgment for the balance, *held*, that the supreme court would not apportion the sum between compensatory and punitory damages, but there must be a new trial.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

The complaint charges that the defendant spoke of and concerning the plaintiff certain defamatory words set out in the opinion. The answer admits that he spoke the words, but alleges that they were directed to the plaintiff, and were spoken without malice. In mitigation of damages, the defendant alleges that he was one of the charterers of the steamer Christopher Columbus, and in control of the boat; the plaintiff was an employee on the boat, in charge of a fruit stand; that it was a part of plaintiff's duty to register every cash sale on a cash register; that other employees on the boat informed defendant that plaintiff made sales that he did not register, which reports defendant believed to be true. The case was tried before a jury, and a verdict for $1,800 was rendered for plaintiff, upon which judgment was entered. Upon motion to set aside the judgment and for a new trial the court made an order that the verdict and judgment be set aside, and a new trial granted, unless within ten days the plaintiff should file " a written *remittitur* of all of said verdict above $500," and, if so filed, the judgment might stand as though entered for said last-mentioned sum. The *remittitur* was filed as directed, and the defendant appeals from the judgment.

For the appellant there was a brief by *Henry J. Jordan,* attorney, and *S. T. & Wm. Harrison,* of counsel, and oral argument by *Mr. Jordan.*

For the respondent there was a brief by *McCausland & Smith,* and oral argument by *E. F. McCausland.*

BARDEEN, J. The verdict of the jury was clearly excessive; so much so as to indicate that they did not consider the rights of the parties with that fairness and candor that should have characterized their deliberations. The trial court seems to have been of that opinion when he required the plaintiff to remit from the verdict the sum of $1,300. But upon what theory he proceeded we are not advised. Whether he was of opinion that the evidence failed to show such circumstances of malice and ill-will as to warrant punitory damages, or whether he felt that the verdict was simply excessive and ought not to stand, admitting that punitory damages were permissible, we are unable to determine.

A careful review of the whole case leads us to the conclusion that the evidence returned fails to show a case where punitory damages should have been allowed. The plaintiff testified: "I frequently met *Capt. Keith* while I had charge of the officers' dining room." "He always treated me well; never had a word from him; were always on good terms." "The captain was always gentlemanly toward me, as far as I could observe." "The captain never had any trouble with me of any kind. He had no grudge against me that I am aware of." This was after he had been discharged for the alleged shortcomings at the fruit stand, and during his second employment on the boat. His second employment ran from August 26 to September 17, 1895. The circumstances under which the alleged defamatory words were used are detailed by the plaintiff as follows: "I was about to come ashore,— was stepping on the gang plank, walking down a little way,— when some one tapped me on the shoulder. I looked around, and saw it was *Capt. Keith.* He says, 'You are going ashore now?' I said, 'Yes.' He said, 'Well, never put your foot on this boat while I am on it.' I said, 'Why?' He said, 'You stole; a detective saw you six times; and never put a foot on the boat again while I am on it, as I won't have

any thieves on board.' He turned around, and walked away onto the boat." He further says that defendant spoke "harshly" and "spitefully," and the words were spoken in the presence of several waiters on the boat.

We must assume that the plaintiff stated his case as strongly as the facts would warrant. The other facts in the case fail entirely to give any more sinister character to the situation than is inferable from the statement made by plaintiff. No special circumstances of insult or aggravation were alleged or proven. While it is true that malice may be inferred from the utterance of slanderous words (*Brueshuber v. Hertling*, 78 Wis. 498), not every slander will justify the jury in awarding punitory damages. While, perhaps, stating the rule quite strongly, LYON, J., in *Templeton v. Graves*, 59 Wis. 95, says: "Punitory damages can only be properly awarded in an action for slander when it is made to appear that in speaking the slanderous words the defendant was prompted thereto by special ill-will, bad intent, or malevolence towards the plaintiff; that is to say, express malice of the defendant must be proved, or the recovery should be limited to compensation alone. Such malice may be inferred from all the circumstances of the case; indeed, it would ordinarily be very difficult to prove its existence by direct evidence. But it is not to be inferred from the facts alone that the words are false, and injurious to the plaintiff, although malice is implied from those facts." In absence of proof of express malice, or of facts and circumstances from which malice is justly inferable, the recovery must be limited to compensatory damages, or such as would be a fair recompense for injury to plaintiff's feelings, to his reputation, etc. This reparation the law will compel the offender to make, but he cannot be punished beyond the rule as stated.

The trial court submitted to the jury the question of awarding punitory damages, and the result shows that they

went beyond any reasonable limit. Our review of the evidence leads to the conclusion that the case is barren of any evidence that would warrant the jury in giving an exemplary recovery. There are certainly no circumstances of aggravation or insult; no facts that indicate special ill-will or malevolence of defendant towards plaintiff to the extent that he should be punished therefor. While the jury must have a large discretion in fixing compensatory damages, where, as in this case, the recovery is bunched in one sum, we do not feel at liberty to usurp their province, and say how much should be allowed under either head. We call attention to the suggestion of Chief Justice CASSODAY in his opinion in *Eviston v. Cramer,* 57 Wis. 570, that the better practice would be, in cases where both compensatory and punitory damages are claimed, to have the jury make separate findings of the amounts allowed. This might save prolonging litigation where the punitory recovery is disallowed. Under the circumstances, we cannot say that the plaintiff's damages are $500, or any other sum, without putting ourselves in the light of jurors. This we do not feel at liberty to do, but must send the case back for a new trial.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.