HABERMAN, Respondent, vs. GASSER, Appellant.

*September 8 — September 26, 1899.*

*Husband and wife: Agency: Election between remedies: Sale of diseased meat: Instructions to jury: Exemplary damages.*

1. In purchasing family supplies a wife acts as agent of her husband, and her election to rescind a contract for the purchase of meat and receive back the consideration because the meat was bad does not affect her right to damages in a tort action for her sickness caused by eating some of the meat.

---

---

2. In an action for the injury caused by eating diseased meat sold by defendant to plaintiff, a charge that it was an offense, under the statute, knowingly to sell unwholesome meat, is criticised but *held* not a material error, the court not having been requested to call the jury's attention to the fact that the action was not a criminal one, and the verdict not giving evidence of the influence of passion or prejudice.

3. In an action in which the question whether exemplary damages ought to be awarded was one for the jury under proper instructions, a charge stating, among other things, that it was the privilege of the jury "in this case" to award such damages,— from which the jury must have understood that, as matter of law, the particular case was one calling for the imposition of exemplary damages in their discretion,— is *held* erroneous.

4. A refusal to give instructions requested is not error, even if they were correct, where they were substantially covered by the general charge.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

This is an action in tort to recover damages for sickness alleged to have been caused by eating diseased meat sold to the plaintiff by the defendant. The answer admits the sale of the meat, alleges settlement of the plaintiff's right of action, and charges that any sickness which the plaintiff may have had was caused solely by her own negligence, and denies all the other allegations of the complaint.

The action was tried before a jury. The plaintiff's evidence showed that in February, 1898, she was the wife of one Anton Haberman, and that they had six children, and that she purchased a quarter of beef, weighing about 100 pounds, from the defendant, *Gasser;* that they used the meat for two or three weeks, and that she and some others of the family became sick; that the defendant came to the house at her request, and when she told him of the sickness he took back the remaining portion of the meat, and returned to her $5, which was the purchase price of the meat, and also paid her $5 for her husband's loss of time, but that the defendant paid her nothing personally for her own sickness

Haberman vs. Gasser.

and loss of time; that the meat was paid for out of money which she and her husband accumulated together, she herself being the proprietor of a cigar factory. The defendant, by his evidence, admitted the sale of the meat, and that he took back the remainder of it, and that he gave the plaintiff back the consideration, and that the $5 paid by him for loss of time was for the loss of time of both husband and wife. There was expert testimony on both sides; that of the plaintiff tending to show that the meat was diseased and in fact caused the sickness of the plaintiff and her family, while that of the defendant tended to show that the meat was wholesome and could not have caused the sickness. There was also other testimony on behalf of the defendant tending to show that other persons had eaten of the same meat and had suffered no injury.

The jury returned a verdict for the plaintiff, fixing compensatory damages at $25 and exemplary damages at $175, upon which verdict judgment for the plaintiff was rendered for $200, and the defendant appeals.

For the appellant there was a brief by *Jones & Stevens*, and oral argument by *E. Ray Stevens*.

For the respondent the cause was submitted on the brief of *Herman Grotophorst*.

WINSLOW, J. A motion for nonsuit was made in this case on the ground that the evidence showed that the plaintiff had elected to rescind the contract for the purchase of the meat and receive back the consideration paid, and had thereby waived any other remedy. This motion was properly overruled, for a plain reason. If any contract was rescinded, it was a contract with the husband. The plaintiff, in purchasing family supplies, was acting as agent of her husband; and hence any contract made by her was in legal effect her husband's contract, and the rescission thereof could not affect her right to damages in a tort action.

The remaining exceptions relate to the charge of the court.

The defendant requested the following instructions, which were refused: " (1) This is a civil action brought to recover damages for an alleged injury which the plaintiff claims to have suffered on account of eating diseased and unwholesome meat purchased from the defendant. (2) The gist of the action is the selling of the diseased or unwholesome meat as good and wholesome, and the injury resulting from the eating of the same." These instructions were appropriate statements, and it would have been error to refuse them had they not been covered by the general charge; but examination of the charge shows that they were substantially covered thereby, and hence it was not error to refuse them.

The court charged that it was an offense, under the statutes, for a person to sell unwholesome meat, knowing, or having good reason to believe, it to be unwholesome. Stats. 1898, sec. 4607g. This was a correct statement of the law, but it is claimed that it was erroneous, because no such question was involved in this action, and that it was prejudicial, because tending to put the defendant in the attitude of a criminal. There is certainly force in the argument, and we should have been better pleased had the instruction not been given. However, we cannot regard it as distinctly prejudicial. Doubtless the court would have called attention to the fact that the present action was not a criminal action, had a request to that effect been made. If the verdict gave evidence of the influence of passion or prejudice, the question would become a serious one.

Certain instructions as to the burden of proof and the preponderance of the evidence were asked by the plaintiff and refused. As they were, in substance, covered by the general charge, however, it becomes unnecessary to state them at length.

We think, however, that there was error committed in that part of the charge as to exemplary damages, which necessitates reversal of the judgment. The court charged

that it was the privilege of the jury, *in this case,* to award to the plaintiff exemplary damages, and then defined exemplary damages as being damages by way of punishment or example, which, in *a certain class of cases, within which this case comes,* the jury may award to the plaintiff, in their discretion, in addition to compensatory damages. By this instruction the jury must have understood that the court had decided, as matter of law, that this particular case was one calling for the imposition of exemplary damages in their discretion. It is entirely clear that the question whether exemplary damages ought to be awarded at all in this case was one for the jury, under proper instructions. The jury should have been told the conditions under which they would be authorized to give exemplary damages, namely, that such damages were only to be awarded in case the act complained of was malicious or vindictive, or evinced such gross or criminal negligence and disregard of the rights of others as in law was equivalent to malice. *Pickett v. Crook,* 20 Wis. 358.

*By the Court.*— Judgment reversed, and action remanded for a new trial, with the option to the plaintiff to remit the amount of exemplary damages awarded at any time within thirty days after the record is remitted to the trial court, in which case judgment is to be entered for the plaintiff for the compensatory damages awarded by the verdict.