# Syson & Co. *v.* Hieronymus Bros.

## *Action of Assumpsit.*

1. *Action to recover for services of tug boat; admissibility of evidence.*—In an action to recover for services of a tug boat, where the evidence shows that there was no specific price for such services named, but there was testimony which tended to show that the plaintiffs agreed to do the work as reasonably as any other tug would do it, the basis for the proper ascertainment of the value of the services is the *quantum meruit* which is according to their reasonable value; and after the character of the boat and the services rendered have been shown, it is competent for the plaintiff to prove, as one of the running expenses, the amount and value of coal required for each trip, and also to show that the boat could not earn a livelihood at prices less than those charged in the account sued on.

2. *Same; same.*—In such a case, it is not proper to allow witnesses, who were engaged in running other tug boats, to state whether or not they would have done the same work at prices less than those charged.

3. *Same; same; proof of custom.*—In such a case, the existence of a custom as to the reduction of charges for the services of a tug boat, under conditions similar to those surrounding the plaintiff and the defendant at the time of entering into the contract, is immaterial, unless the custom is shown to have been so general as to raise the presumption that the parties knew of and contracted with reference to it; and in the absence of proof of the custom being so general evidence of the existence of such usage and custom with tug boat owners, is irrelevant and inadmissible.

4. *Same; acquiescence in the account rendered.*—In an action to recover for services of a tug boat, where the evidence tends to show that the services extended over several months, and monthly accounts were rendered by the plaintiff to the

[Syson & Co. v. Hieronymus Bros.]

defendant, and the evidence further tends to show acquiescence on the defendant's part in settlement of the account rendered, subsequent to the time when the defendant claims to have made objection to the first statement of the account, a charge is properly refused which instructs the jury that if they believe from the evidence that plaintiff agreed with the defendants soon after rendering the first statement "and prior to the rendering of the other statements, and upon complaint of the defendants that the charges made by the captain of the plaintiffs' tug were too high, that the plaintiffs would make the charges correct if the captain's charges were too much, and that they would do the work as reasonable as other tugs, then the jury can not look to the rendering of these statements for the purpose of arriving at a conclusion that any of them ever became an account stated."

5. *Action of assumpsit; effect of tender; charge to the jury.*—In an action of assumpsit, where the defendant pleads a tender of the amount, less than the amount sued on, and the money so tendered is paid into court, a charge is erroneous and properly refused which instructs the jury that "if the evidence in favor of the plaintiffs does not amount to preponderance in its weight in their favor, or if the evidence in favor of plaintiffs and also in favor of the defendants is equally balanced, or if the evidence in its weight preponderates in favor of the defendants, as to whether the amount tendered by the defendants is enough, then the jury is instructed as a matter of law that it is their sworn duty in either of these events to find for plaintiffs for the amount tendered."

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellees, Hieronymus Bros. against the apellants, W. K. Syson & Co. The complaint contained the common counts. The account which was the basis of the suit, included timber sold by the plaintiffs to the defendants and also services performed by the plaintiffs for the defendants with the tug boat in towing timber and barges and in carrying the defendants and their employees and property of the defendants, from time to time, in the prosecution of the business of the defendants in Mobile river. As stated in the opinion, except as to a few small items included in the accounts, the dispute involved in the present suit, related only to the prices charged the defendants by the

plaintiffs for the services of the tug boat Xariffa. The defendants pleaded the general issue and by special plea that they had tendered to the plaintiffs seventy dollars, which was the amount due, and that upon this being refused, they brought said sum into court.

The evidence for the plaintiffs tended to show that the services of the tug boat were rendered to the defendants in accordance with a contract made by them with the plaintiffs, and that the charges made therefor were reasonable; that the defendants entered into a contract with the plaintiffs that they should do all of their tug boat work for them, and that in accordance with such contract, the plaintiffs rendered tug boat service to the defendants for several months; that at the end of each month the plaintiffs rendered an account to the defendants for the services of the tug boat during such month; that with the exception of one or two items, there was never any objection on the part of the defendants to any of the monthly accounts so rendered to them; that the charges for carrying the employees of the defendants from Mobile wharf to their place of work up the Mobile river, at the rate of $1.50 per piece for each single trip, was in accordance with the agreement made by W. K. Syson with the captain of the tug boat Xariffa; and that there was no objection on the part of the defendants to these items which were included in each of the accounts rendered monthly, until all of the services had been rendered.

The captain of the tug boat Xariffa testified that he made an agreement as to carrying the men from the wharf up to their place of work on the river with W. K. Syson, one of the defendants, and that the price agreed upon was $1.50 for each trip, being $1.50 in the morning and $1.50 in the evening; and that the items for such service, as included in the account rendered, were correct.

The testimony for the defendants tended to show that there was no express agreement as to what was to be charged for each service rendered by the tug boat, but it was understood that the charges were to be reasonable; W. K. Syson testifying that the plaintiffs agreed

to do the work "as reasonably as any other boat would do it." W. K. Syson and other witnesses for the defendants testified that the agreement as to the carrying of the defendants' employees to their place of work was that they would be carried up to the work in the morning and brought back in the evening, for $1.50 for the round trip. The plaintiffs also introduced evidence to show that the charges made by them against the defendants for services of the tug boat were not only reasonable, but were less than those which were usually charged by other tug boats for similar services. The defendants' testimony further tended to show that when the first monthly account was presented to them, they complained that the charges included therein were excessive, and that thereupon the plaintiffs agreed with them to make the charges as reasonable as any other boat would do it. There was other evidence introduced on the trial tending to show that at the time of presenting the last account showing that the defendants were indebted to the plaintiffs in an amount exceeding three hundred dollars, the defendants refused to pay said account, but offered to settle it, if the plaintiffs would make a reduction of $285, which the plaintiffs declined to do; that thereupon the defendants tendered plaintiffs seventy dollars, as being the amount due the plaintiffs for the services rendered the defendants. This tender was refused. This seventy dollars was deposited in court as alleged in the plea of tender.

During the examination of the captain of the tug boat Xariffa, he was asked by the plaintiffs the following questions: "Could a tug of the character of this Hieronymus tug earn a livelihood at a less rate than $1.50 a tow of the length" of this shown to have been made by the said tug? The defendants objected to this question, because it called for irrelevant and immaterial evidence, and duly excepted to the court's overruling this objection. The witness answered that it could not.

The plaintiffs, against the objection and exception of the defendants, proved the value of the coal used by tugs of the character of the Xariffa for each trip. The defendants sought to prove by different witnesses that it was the custom with the owners of tugs, when they

were doing all of the work for a firm engaged in such
extensive business as were the defendants, to make very
much smaller charges than if they were doing work for
strangers or for some person who had little towing to
do. The plaintiffs objected to each of such questions,
the court sustained the objections, and the defendants
separately excepted. The defendants also sought to
prove by different witnesses that the customary charges
for the services rendered by the plaintiffs to the defend-
ants is very much less than those charged in the ac-
count rendered by the plaintiffs to the defendants. The
plaintiffs objected to the introduction of such evidence,
the court sustained the objection, and the defendants
duly excepted. Upon the examination of several of the
witnesses introduced, the defendants asked them the
question as to whether or not they would have done the
work shown to have been done by the tug Xariffa at
prices less than those charged by the plaintiffs. The
plaintiffs objected to each of such questions, as calling
for immaterial and irrelevant evidence, the court sus-
tained the objections to each of such questions, and the
defendants separately excepted.

In the charge given *ex mero motu* to the jury, the
court, among other things, instructed the jury as fol-
lows: "So in reference to the towing service,—the
plaintiff contends that his understanding or agree-
ment with the defendant was he was to charge
him the regular towing rates, and the defendant con-
tends that the agreement he had with the plaintiff was
that he was to do the towing at the reasonable prices,
at the prices that he could get it done by others. *That
would be what was the customary charge for the ser-
vices rendered, in this port here. So it comes back to
that gentlemen.*" To that portion of the charge which is
italicized, the defendants separately excepted. The de-
fendants requested the court to give to the jury the fol-
lowing written charges, and separately excepted to the
court's refusal to give each of them as asked: (1.)
"If the jury believe the evidence in this case they must
treat the account sued on in this case as an open account
and not a stated account." (2.) "If the jury believe

[Syson & Co. v. Hieronymus Bros.]

from the evidence that there was an agreement between the parties in July, 1898, as to the amount to be charged for the carrying of the men to the defendant's boom and return and the plaintiffs contend that the price agreed was $1.50 for each trip and not for the round trip, in such event the court instructs the jury as a matter of law that the burden of proof in this contention is upon the plaintiff to do so by evidence which preponderates in its weight in favor of the plaintiffs; and if the evidence in favor of this contention does not preponderate in its weight in favor of the plaintiffs, then the jury would not be authorized on this proof to find that the plaintiffs were entitled to recover $1.50 for each trip they made to the boom and also $1.50 for each trip they made returning from the boom with the men." (3.) "If the jury believe from the evidence that Mr. William Hieronymus in April, 1898, and soon after the March account had been made up, went to the office of the defendants and there agreed that he would do the towing for the defendants as reasonable as other tugs would do it, and the jury further believe that defendants could have gotten the towing done by others cheaper than the plaintiffs' charge in their itemized bill, the cheaper amounts for which this towing could have been done is the basis upon which the jury must estimate the proper charge that the plaintiffs are entitled to make for such towage services." (4.) "If the jury believe from the evidence that the plaintiffs through Mr. William Hieronymus agreed with the defendants soon after rendering the statement of March, 1898, and during the month of April, and prior to the rendering of the other statements, and upon complaint of the defendants that the charges made by the captain of the plaintiffs' tug were too high, that the plaintiffs would make the charges correct if the captain's charges were found too much, and that they would do the work as reasonably as other tugs, then the jury can not look to the rendering of these statements for the purpose of arriving at a conclusion that any of them ever became an account stated." (5.) "The burden of proof is upon the plaintiffs in this case to show the jury by evidence which preponderates in their favor in its weight, that their contention in re-

gard as to what are proper charges to be charged for the services claimed for, and if the plaintiffs have failed. in this respect then the jury must not, under law, find that such contentions of the plaintiffs are correct." (6.) "If the evidence in favor of the plaintiffs does not amount to a preponderance in its weight in their favor, or if the evidence in favor of the plaintiffs and also in favor of the defendants is equally balanced, or if the evidence in its weight perponderates in favor of the defendants, as to whether the amount tendered by the defendants is enough, then the jury is instructed as a matter of law that it is their sworn duty in either of these events to find for plaintiffs for the amount tendered."

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

CHARLES L. BROMBERG, JR., for appellant, cited *Loventhall v. Morris*, 103 Ala. 333; *Goodwin v. Harris*, 6 Ala. 438; *O'Conner v. Dickson*, 112 Ala. 307; *Behrman v. Newton*, 103 Ala. 527; *Wheeler v. McGuire*, 86 Ala. 406; *Shulman v. Brantley*, 50 Ala. 81; *Lindsey v. Perry*, 1 Ala. 203; 2 Wharton's Evidence, § 1245; 14 Amer. & Eng. Encyc. of Law (1st ed.), 667.

GREGORY L. & H. T. SMITH, *contra*.

SHARPE, J.—This suit is on an account wherein the plaintiffs charge the defendants for timber sold and services performed with a tug boat in towing timbers and barges and in carrying the defendants, their employes and belongings, from time to time. Except as to a few small items the dispute involves only the prices. charged for the boat's services. Plaintiffs' evidence tends to show that an agreement was made between the captain of his boat and defendants to effect that when the boat had no tow to take out, defendants were to be charged for carrying their employes to and from their place of work at the rate of one dollar and a half

apiece for each single trip, while the defendants contend that this agreement with the captain was for one dollar and a half for the round trip. Whatever agreement there was for towing, was made between the plaintiff W. T. Hieronymus and defendant W. K. Syson. In it, the specific price for such service was not named, but Syson's testimony is to effect that plaintiff's agreed to do the work "as reasonable as any other boat would do it."

Since competition in prices was not resorted to to make the towing charges certain, the agreement even if made according to the defendant's contention left the amount to be charged wholly indefinite, and without a basis for proper ascertainment except upon the *quantum meruit* which is according to their reasonable value. Upon that question, the character of the boat and its trips having been shown, it was not improper to allow the plaintiffs to prove as one of its running expenses the amount and value of coal required for a trip, or to allow them to ask their witness whether the boat could "earn a livelihood" at prices less than were charged.

The court properly refused to allow witnesses to state whether they would have done the work at prices less than those charged. A witness cannot know as a fact what his conduct would have been but was not.

However the consideration of procuring all of defendant's business might have been used as an inducement to cheapening prices by agreement, it could not have affected the reasonable value of the services, neither could a contract for reducing prices below that standard be implied from custom unless the custom was so general as to raise the presumption that the parties knew of and contracted with reference to it. To make good defendants' proposed inquiries into what was customary in such cases, they should have been limited to a general custom.

Whether the plaintiffs had ratified contracts made for them by the boat's captain became immaterial in view of the fact that his authority to make prices for carrying passengers was not disputed.

The court's rulings on evidence not above specially

referred to are obviously correct, and we find no reversible error in the oral charge excepted to or in the refusal of charges requested.

In the oral instruction there seems to be an inaccuracy in the use of the term *customary charge* instead of reasonable charge, but it could not have injured defendants since there was nothing to show that customary charges were other than reasonable.

There was evidence tending to show acquiescence on defendants' part in statements of account rendered subsequent to time when it is claimed objection was made to the first statement; therefore charge 4 as well as charge 1 was properly refused.

For the reasons we have stated, the proper basis for recovery under the facts hypothesized in charge 3 was the reasonable value of the work instead of the basis stated in that charge.

Charge 6 is bad in what is therein said of the verdict. In respect of the verdict there is no difference in our practice between a plea of tender after suit brought and one of tender before suit. The deposit of money in court is treated as paying and striking from the complaint the amount tendered and deposited; and unless the plaintiff proves more than that amount, the verdict upon the issue joined under that plea should be for the defendant.—*Schuessler v. Simon*, 100 Ala. 422; *Shiver v. Johnston*, 62 Ala. 37; *Raiford v. Governor, etc.*, 29 Ala. 382; *Wright v. Behrens*, 39 N. J. Law, 413. See also *Gardner v. Black*, 98 Ala. 638.

The judgment will be affirmed.


## *Action of Assumpsit.*

