## DIXON v. HOTEL TUTWILER OPERATING CO. (6 Div. 435.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

**1. Innkeepers ⬡⟹6.**

Business of innkeeper is of quasi public character.

**2. Innkeepers ⬡⟹10.**

Burden is on keeper of hotel or public inn to justify ejection of one who has shown himself to be guest.

**3. Innkeepers ⬡⟹10.**

Improper treatment of guest in hotel or public inn cannot be justified by mistake on part of one agent materially betraying offending agent and causing latter to injure guest.

**4. Evidence ⬡⟹473—Testimony that voice and manner of house officer of hotel was insulting held admissible.**

In action by guest for humiliation, insults, and disturbance by hotel servants, testimony that voice and manner of house officer was insulting *held* properly allowed as being mere shorthand rendition of collective fact that could

---

hardly be described otherwise, and could not be shown by imitation.

**5. Innkeepers ⊙☞10—Innkeeper's suspicion of improprieties on part of guests will not authorize violation of rights of guests.**

Innkeeper's mere suspicion of improprieties or indecencies on part of guests will not authorize violation of well-recognized rights of guests, but grounds should be more than suspicion, and should be reasonably calculated to start proper inquiry for truth and facts in the premises.

**6. Innkeepers ⊙☞10—Subsequent apology of hotel manager does not relieve hotel from liability for wrongful conduct of servants toward guest.**

Subsequent apology of hotel manager does not relieve hotel from liability for humiliation, insult, fright, and disturbance of guest by agents or servants in scope of employment.

**7. Trial ⊙☞194(2).**

Instruction that verdict should be for plaintiff, if jury believe all evidence in case, held erroneous as invading province of jury.

**8. Innkeepers ⊙☞10—Hotel guest, alleging insult, held entitled to instruction on mistake as defense.**

In action by guest against hotel from damage by insult, worry, and fright, where defendant sought to show grounds for conduct because of mistake in transcribing registration to card, instruction that failure of plaintiff to call attention to mistake as to names of parties occupying room would not prevent recovery should have been given under evidence.

**9. Innkeepers ⊙☞10.**

Instruction that guest, suing hotel for humiliation, worry, insult, fright, and disturbing rest during night, could not recover, if not damaged, held proper.

**10. Innkeepers ⊙☞10—Instruction that hotel guest could not recover damages on account of fright, humiliation, or nervousness suffered by wife held proper.**

In action by guest against hotel for damage from humiliation, insult, fright, and disturbance of sleep, instruction that plaintiff could not recover on account of fright, humiliation, or nervousness that wife may have suffered held proper.

**11. Innkeepers ⊙☞6—Hotel keeper may make and enforce reasonable rules to prevent immorality or misconduct.**

Hotel keeper may make and enforce reasonable rules to prevent immorality or misconduct that may be offensive to other guests, or may bring hotel into disrepute, or be inconsistent with generally recognized proprieties of life.

**12. Innkeepers ⊙☞10.**

Hotel guest is entitled to exclusive use and occupancy of room, subject to right of hotel keeper and servants to enter room at proper time and for proper services.

**13. Innkeepers ⊙☞10.**

Guest must admit agents and servants of hotel keeper into room when they seek, in proper manner, at proper time, and for proper purposes, to communicate with him therein.

**14. Innkeepers ⊙☞10—Instruction that guest could not recover against hotel keeper if agents were not abusive or insulting when they knocked at door and inquired as to occupants of room held proper.**

In action by guest against hotel for humiliation, insult, fright, and disturbance of sleep, instruction that, if agents or servants of defendants were not abusive or insulting when they knocked at plaintiff's door and inquired as to who were occupants of room during night, plaintiff could not recover *held* proper.

*On Rehearing.*

**15. Innkeepers ⊙☞10—Evidence that conduct of hotel servants, complained of by guest, arose through mistake as to persons occupying rooms held admissible in mitigation of damages on question of wanton misconduct, and in rebuttal.**

In action by guest against hotel for insult, humiliation, worry, and disturbance of rest, evidence that conduct of hotel servants, complained of, arose through mistake of transcription of registration cards from register as to occupants of room *held* admissible on question of mitigation of damages, wanton misconduct, and also in rebuttal to plaintiff's evidence.

**16. Appeal and error ⊙☞1064(1).**

In guest's action against hotel for improper treatment, erroneous instruction that mere grounds of suspicion of improprieties and indecencies would authorize investigation *held* reversible error.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for damages by Walter E. Dixon against the Hotel Tutwiler Operating Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

These charges were refused to plaintiff:

"A. The court charges the jury that, if they believe all the evidence in this case, they must find their verdict in favor of the plaintiff.

"(1) The court charges the jury that a subsequent apology on the part of its manager does not relieve the defendant from liability for any wrongful act or conduct that the jury may believe from the evidence had been previously committed by the agents or servants of defendant while engaged within the line and scope of his employment as alleged in the complaint.

"(2) The failure of the plaintiff to call attention to the mistake in making out the card as to the name of the parties occupying the room does not prevent a recovery in this case by plaintiff."

The following charges were given at defendant's request:

"D. Gentlemen of the jury, the court charges you that, if you believe from the evidence that the plaintiff in this cause suffered no damages, then the plaintiff is not entitled to recover.

"(6) I charge you, gentlemen of the jury,

that a hotel keeper has the right to make and enforce such reasonable rules as may be designed to prevent immorality or any form of misconduct that may be offensive to other guests, or that may bring his hotel into disrepute, or that may be inconsistent with the generally recognized proprieties of life; and to this right of the hotel keeper the guests must submit."

"(10) I charge you, gentlemen of the jury, that, if you find from the evidence that the plaintiff is entitled to recover, he would not be entitled to recover any damages on account of any fright, humiliation, or nervousness that his wife may have suffered by reason of the matters and things complained of in the plaintiff's complaint."

"(13) I charge you, gentlemen of the jury, that the guest in a hotel is entitled to the exclusive use and occupancy of his room, but subject to the right of the hotel keeper, his agents, and servants to enter the room at proper times and for proper purposes; and I further charge you that it is the duty of the guest to admit the agents and servants of the hotel keeper when they seek, in a proper manner, and at proper times, and for proper purposes, to communicate with the guest in his room.

"(14) I charge you, gentlemen of the jury, if you are reasonably satisfied from the evidence that the agents or servants of the defendants were not abusive or insulting at the time when they knocked upon the plaintiff's door and inquired as to who were the occupants of his room, at the time referred to in the complaint, then the plaintiff is not entitled to recover."

Rudulph & Smith, of Birmingham, for appellant.

A guest of a hotel has the right to insist upon respectful and decent treatment at the hands of the hotel keeper and his servants. Florence Hotel Co. v. Bumpas, 69 So. 566, 194 Ala. 69, Ann. Cas. 1918E, 252; De Wolf v. Ford, 86 N. E. 527, 193 N. Y. 397, 21 L. R. A. (N. S.) 860, 127 Am. St. Rep. 969; Beale on Innkeepers and Hotels, § 111. The innkeeper cannot shield himself from the consequences of misconduct on the part of one of his servants by reason of a mistake on the part of another servant. L. & N. v. Hine, 25 So. 857, 121 Ala. 234; L. & N. v. Fletcher, 69 So. 634, 194 Ala. 257; L. & N. v. Harper, 83 So. 142, 203 Ala. 398; Sou. Ry. v. Blackwell, 100 So. 215, 211 Ala. 216. The acts of defendant's clerk in making out room cards were immaterial. 22 C. J. 741; Andrews v. Tucker, 29 So. 34, 127 Ala. 602; Thornton v. Savage, 25 So. 27, 120 Ala. 449; Bunzel v. Maas, 22 So. 568, 116 Ala. 68; McKinney v. Darden, 68 So. 269, 192 Ala. 369; Byars v. James, 94 So. 536, 208 Ala. 390. Proof of custom of the officers of the defendant to resort to the room rack for information was inadmissible. Syson v. Hieronymus, 28 So. 967, 127 Ala. 482. That the tone and manner of the house officer were insulting was a shorthand rendition of fact. Standard Cooperage Co. v. Dearman, 86 So. 537, 204 Ala. 553; Ala. Co. v. Norwood, 100 So. 479, 211 Ala. 385.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

Defendant is entitled to show any facts surrounding the injury complained of which tend to reduce the amount of compensation to plaintiff. 17 C. J. 926; 8 R. C. L. 553. The innkeeper has the right to make and enforce reasonable regulations for the conduct of his hotel. Hurd v. Hotel Astor Co., 169 N. Y. S. 359, 182 App. Div. 49. The right of the guest is subject to the right of the innkeeper or his agents or servants to enter the room at proper times, for proper purposes. 32 C. J. 567; De Wolf v. Ford, 86 N. E. 527, 193 N. Y. 397, 21 L. R. A. (N. S.) 860, 127 Am. St. Rep. 969. A party excepting to a part of the charge of the court must distinctly state the grounds of such exception. Liverpool Co. v. McCree, 105 So. 901, 213 Ala. 534; Hines v. McMillan, 87 So. 691, 205 Ala. 17; Knowles v. Blue, 95 So. 481, 209 Ala. 33. The trial court will not be put in error for giving or refusing abstract charges. Allen v. Birmingham Southern, 97 So. 93, 210 Ala. 41; Curb v. Dabbs, 97 So. 109, 19 Ala. App. 149; Thompson v. Vildibill, 100 So. 139, 211 Ala. 199. It is not permissible for a witness to testify to his own opinion on an issue to be decided by the jury. N., C. & St. L. v. Yarbrough, 69 So. 582, 194 Ala. 162; 22 C. J. 502.

THOMAS, J. The suit was for damages and was tried on count 2 of the complaint. It was brought by a guest and against the hotel for humiliation, worry, insult, fright, and disturbing his rest and comfort during the night.

The evidence shows that plaintiff and wife were guests of the hotel in question conducted by defendant, and that some servant or agent of the defendant, while acting in the line and scope of his employment, as alleged in said count, interrupted the guests under the circumstances detailed by the evidence and in the respects indicated by the several witnesses. It is also without dispute that plaintiff was lawfully occupying the room assigned to him in compliance with all of defendants' reasonable regulations; had violated no rule; and was guilty of no impropriety as a guest of the hotel.

The learned trial judge instructed the jury in his general charge as follows:

"Under the law it is the duty of one operating a public hotel, that is, for the reception and entertainment of guests, not to by their agents or officers subject them to offensive and insulting conduct and language, and the complaint alleges, among other things, that they did do so in violation of that duty, and that the defendant's servants or agents, while acting in the line and scope of their employment, did do these things as alleged in count 2 of the complaint, and that the plaintiff suffered damages as a proximate result thereof.

"Now, the law also says that a hotel, a person operating a hotel or an inn, has the right to

make reasonable rules and regulations for the conduct of its hotel, such as is reasonably necessary to conduct a hotel that is decent, and in a manner that it is free from improprieties, or lewdness, or conduct that is substantially offensive to other guests.

"The law also says that the servant or agent of the hotel having grounds to suspicion that there is any such improprieties or indecencies has the right to make a reasonable investigation to ascertain the existence of such matters or not. But the law further says that those investigations must not be in an insulting and offensive manner."

When the delivery of the oral charge was concluded, and before the jury retired the plaintiff's counsel said:

"I want to except to the part where you said the agent or servant of the hotel having a suspicion of immorality—I think he would have to have reasonable grounds for suspicion."

[1] The business of an innkeeper is of a quasi public character, invested with its appropriate and well-recognized privileges, duties, and burdens. De Wolf v. Ford, 86 N. E. 527, 530, 193 N. Y. 397, 403, 127 Am. St. Rep. 969, 973 (21 L. R. A. [N. S.] 860); 17 A. L. R. 139. In this leading case it is said:

" * * * The innkeeper holds himself out as able and willing to entertain guests for hire, and, in the absence of a specific contract, the law implies that he will furnish such entertainment as the character of his inn and reasonable attention to the convenience and comfort of his guests will afford. If the guest is assigned to a room upon the express or implied understanding that he is to be the sole occupant thereof during the time that it is set apart for his use, the innkeeper retains a right of access thereto only at such proper times and for such reasonable purposes as may be necessary in the general conduct of the inn or in attending to the needs of the particular guest. * * * It is equally clear that for the purpose of enabling the innkeeper to fulfill his express or implied contract to furnish his guest with such convenience and comfort as the inn affords, he and his servants must have such access to the room at all such reasonable times as will enable him to fulfill his duty in that behalf. It is obvious that as to this general right of entry no hard and fast rule can be laid down, for what would be reasonable in a case where a room is occupied by two or more guests, or where access to one room can only be had through another, might be highly unreasonable where a separate room is assigned to the exclusive use of a single guest. It is also manifestly proper and necessary that an innkeeper should have the right to make and enforce such reasonable rules as may be designed to prevent immorality, drunkenness, or any form of misconduct that may be offensive to other guests, or that may bring his inn into disrepute, or that may be radically inconsistent with the generally recognized proprieties of life. To these reserved rights of the innkeeper the guest must submit. But the guest also has affirmative rights which the innkeeper is not at liberty to willfully ignore or violate. When a guest is assigned to a room for his exclusive use, it is his for all proper purposes and at all times until he gives it up. This exclusive right of use and possession is subject to such emergent and occasional entries as the innkeeper and his servants may find it necessary to make in the reasonable discharge of their duties; but these entries must be made with due regard to the occasion and at such times and in such manner as are consistent with the rights of the guest. One of the things which a guest for hire at a public inn has the right to insist upon is respectful and decent treatment at the hands of the innkeeper and his servants. That is an essential part of the contract whether it is express or implied. This right of the guest necessarily implies an obligation on the part of the innkeeper that neither he nor his servants will abuse or insult the guest, or indulge in any conduct or speech that may unnecessarily bring upon him physical discomfort or distress of mind. * * *"

[2, 3] This, in effect, is the holding of this court as to the implied obligations, rights, and duties in the premises. And, where one has shown himself to be a guest of a hotel or public inn, the burden is on the keeper thereof to justify his ejection. Florence Hotel Co. v. Bumpas, 69 So. 566, 194 Ala. 69, Ann. Cas. 1918E, 252. That justification cannot be the mistake on the part of another agent materially betraying the offending agent and causing the latter to injure the guest. L. & N. R. Co. v. Hine, 25 So. 857, 121 Ala. 234, 238; L. & N. R. Co. v. Harper, 83 So. 142, 203 Ala. 398; Southern Ry. Co. v. Blackwell, 100 So. 215, 211 Ala. 216; Florence Hotel Co. v. Bumpas, supra; Beale on Innkeepers and Hotels, § 101.

Plaintiff having done what was required of him in signing defendant's register, and having his room assigned to him, and not having been present when defendant's clerk transcribed such registration to other records or cards, and not being shown to have had any knowledge of the custom of making such transcriptions or of the error of defendant's clerk in making the same, acts of such clerk in erroneously making out room rack cards, ledger cards, etc., were res inter alios acta. Byars v. James, 94 So. 536, 208 Ala. 390; McKinney v. Darden, 68 So. 269, 192 Ala. 369; L. & N. R. Co. v. Hines, 25 So. 857, 121 Ala. 234, 236; Andrews v. Tucker, 29 So. 34, 127 Ala. 602, 614; Thornton v. Savage, 25 So. 27, 120 Ala. 449, 458; Bunzel v. Maas, 22 So. 568, 116 Ala. 68; Shealy v. Edwards, 75 Ala. 411; Pace v. L. & N. R. Co., 52 So. 52, 166 Ala. 519; Martin v. Jesse-French P. & O. Co., 44 So. 112, 151 Ala. 289; Lay v. Fuller, 59 So. 609, 178 Ala. 375, 379.

It follows from the well-recognized rule that the registration card prepared by defendant's agent showing the name of plaintiff alone as guest was res inter alias acta. And there was error in the admission of the same in evidence over plaintiff's objection and exception. That is to say, such is the result unless it had been shown that plain-

tiff had theretofore been informed or had knowledge of the notice:

"Important. Kindly inform room clerk of any error in your name, address, or room rate as indicated on the inclosed slip."

And this was not the predicate of fact that preceded or was stated to the court to authorize the introduction of the evidence as to said cards. So the private custom of defendant to refer to the room rack and not the register for information regarding guests could not affect plaintiff's rights in the premises, in the absence of proof of knowledge of the custom by plaintiff, and in the absence of evidence that the custom was so general as to raise the presumption of his knowledge of the same. Syson v. Hieronymus Bros., 28 So. 967, 127 Ala. 482; Munson v. Horace Turner & Co., 81 So. 76, 202 Ala. 574. There was error as to the introduction of such through the witness Kyle.

[4] It was proper to allow the witness Mrs. Dixon to state that the tone of voice and manner of the house officer was insulting. This was a mere shorthand rendition of fact or of collective fact that could hardly be described otherwise and could not be shown by imitation. Standard Co. v. Dearman, 86 So. 537, 204 Ala. 556; Alabama Co. v. Norwood, 100 So. 479, 211 Ala. 385; Birmingham & A. Ry. v. Campbell, 82 So. 546, 203 Ala. 296; Hereford v. Combs, 28 So. 582, 126 Ala. 369.

[5] The more "having grounds of suspicion" of improprieties or indecencies will not authorize a violation of the well-recognized rights of the guest. The grounds should be more than a suspicion; that is, should be reasonable and calculated to stir to a proper inquiry for the truth and facts in the premises.

[6] Written charge 1, requested by appellant, should have been given.

[7-14] Refused charge A invaded the province of the jury under the evidence. Charge 2 should have been given. There was no evidence that plaintiff had knowledge of the mistake made by defendant's servant. There was no error in giving defendant's charges D, 10, 6, 13, and 14. Charge 6 is practically taken from De Wolf v. Ford, 86 N. E. 527, 193 N. Y. 397, 127 Am. St. Rep. 969, 21 L. R. A. (N. S.) 860, and contains a mere abstract of sound principles of law. So, also, was charge 13. See text of 32 C. J. 567.

The foregoing will illustrate on another trial, and it is not necessary to further protract the discussion.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. [15] The mistake of transcription of registration cards, if limited to the question of mitigation of damages or wanton misconduct, was admissible, and also competent in rebuttal to plaintiff's evidence.

[16] We are of opinion that the instruction as we have pointed out was reversible error.

Application overruled.