MESHANE, Respondent, vs. SECOND STREET COMPANY and
others, Appellants.

*November 8—December 4, 1928.*

384

For the appellants there was a brief by *Pellette & Zill-mer* of Milwaukee, and oral argument by *Raymond T. Zillmer.*

For the respondent the cause was submitted on the brief of *J. Elmer Lehr* of Milwaukee.

ESCHWEILER, J.  Appellant now criticises the form of some of the questions of the special verdict, and particularly question (4), for including the phrase "apparently immoral conduct" as an addition to the concededly proper and more limited phrase of "improper conduct," as requiring of defendants, in their attempted justification, more than is necessary in law to establish such defense.  Such criticism might well have been urged to the court below at the time the questions were framed, but we feel that, and the other criticisms aimed at the form of the special verdict, are not timely made, for the record discloses that when the special verdict was submitted defendant's only action then was to move that certain of the questions be answered by the court.  Any possible criticisms of the form of the special verdict are not to be now first passed upon.

We are satisfied from an examination of the record that there was no basis for the submitting to the jury the allowance of punitory damages.  The only assault and battery complained of by plaintiff is that, in pushing open the door of her room to enter, Burns then pushed her aside.  The only other possible basis would be in connection with her being removed from the hotel.  This latter element, however, was taken out of the case when plaintiff's counsel conceded that the plaintiff's arrest by the police officers was lawful, and it is undisputed that she was removed by them pursuant to such arrest.

Before the question of the allowance of punitory damages in a tort action of this nature can properly be submitted to

the jury, the trial court must first determine, as a matter of law, whether the situation disclosed is within the field recognized by law as a proper one for the allowance of punitory damages. Such is the rule in this state as expressly stated in *Topolewski v. Plankinton P. Co.* 143 Wis. 52, 70, 71, 126 N. W. 554; and it is the general rule as well. 17 Corp. Jur. p. 973; *Tripp v. American Tobacco Co.* 193 N. C. 614, 137 S. E. 871. It is the same preliminary question that must be determined by the court where privilege is pleaded. *Arnold v. Ingram,* 151 Wis. 438, 456, 138 N. W. 111.

Any exact and precise definition of the technical term in law of the "malice" that must be shown in order that there may be a basis for punitory damages in addition to compensatory damages for a breach of some duty by a defendant when such is the proper subject of an action in tort, is hard to find and still harder to frame. It is evident, however, from all the authorities that in any particular case, not in and of itself a malicious action, in order that punitory damages may be assessed something must be shown over and above the mere breach of duty for which compensatory damages can be given. That is, a showing of a bad intent deserving punishment, or something in the nature of special ill will towards the person injured, or a wanton, deliberate disregard of the particular duty then being breached, or that which resembles gross as distinguished from ordinary negligence. Such additional elements over and above the mere breach of duty in cases like this, is necessary under the rule in this state as recognized by such decisions as *Pickett v. Crook,* 20 Wis. 358, 359; *Reed v. Keith,* 99 Wis. 672, 675, 75 N. W. 392; *Haberman v. Gasser,* 104 Wis. 98, 102, 80 N. W. 105; *Vassau v. Madison E. R. Co.* 106 Wis. 301, 306, 82 N. W. 152; *Topolewski v. Plankinton Packing Co., supra,* p. 70.

In *Scott v. Donald,* 165 U. S. 58, 86, 17 Sup. Ct. 262, that court states the accepted rule to be that such damages are allowable where "a tort is aggravated by evil motive,

actual malice, deliberate violence, or oppression." See, also, 17 Corp. Jur. p. 977; 8 Ruling Case Law, p. 586; and such recent cases as *Tripp v. American Tobacco Co., supra; Bond v. Williams,* 279 Mo. 215, 214 S. W. 202, 16 A. L. R. 755; *Pendleton v. N. & W. R. Co.* 82 W. Va. 270, 95 S. E. 941, 16 A. L. R. 761; *Bannister v. Mitchell,* 127 Va. 578, 104 S. E. 800, 16 A. L. R. 768, with note at p. 773; *Picklesimer v. L. & N. R. Co.* 194 N. C. 40, 138 S. E. 340, 52 A. L. R. 1330, for a discussion of this subject, without intending by this reference to adopt as authority here all that is said in those cases.

There is no testimony in this case indicating that Burns or Wood did what was done that evening because of any special ill will towards this plaintiff, or for any other reason than because of a belief that plaintiff had been acting improperly and in a manner justifying her removal, although by the finding of the jury that there had been no such improper conduct on her part, such was a mistaken belief by Burns, and, being imparted by him to Wood, a mistake by the latter.

We can find no basis for the sustaining of even compensatory damages as against the defendant Wood and the case as against him should have been dismissed.

For the mistake, which under the record as we have it must be and under the evidence properly can be considered as having been made by Burns in assuming that plaintiff had been so conducting herself that she could properly be removed, followed by his entering her room and using force in so doing and insulting language when in, is one for which compensatory damages can be properly awarded against Burns, and it being proper as against Burns made it proper against his employer, the hotel company. It was a violation of the duty which the hotel company owed to plaintiff as guest, as declared in such cases as *Boyce v. Greeley Square Hotel Co.* 228 N. Y. 106, 109, 126 N. E. 647; *Frewen v.*

*Page,* 238 Mass. 499, 504, 131 N. E. 475, 17 A. L. R. 134, note at p. 139; *Moody v. Kenny,* 153 La. 1007, 97 South. 21, 29 A. L. R. 474; *Dixon v. Hotel Tutwiler O. Co.* 214 Ala. 396, 108 South. 26.

The jury continued to have before it, and quite probably considered, in the awarding of compensatory damages, the testimony as to the arrest of plaintiff and her subsequent detention in the jail and appearance in the police court because of it not having been withdrawn by the court from their consideration as it should have been. Such error in ruling or omission in the charge would have required, had the compensatory damages been much larger than as found, a new trial on that question. We are persuaded, however, that the allowance of $500 as compensatory damages is not so large as to show that injustice was done or to render a new trial necessary, and the judgment for the compensatory damages as against the defendant Burns and the hotel company must stand.

*By the Court:*—Judgment reversed, with directions to dismiss the cause as to defendant Wood and to enter judgment for $500 compensatory damages against the defendant Burns and the Second Street Company, with costs. Appellants to have one bill of costs here.