DRAEGER, Appellant, v. JOHN LUBOTSKY MOTOR SALES, INC., and others, Respondents.

No. 224. Argued October 31, 1972.—Decided November 28, 1972.
(Also reported in 202 N. W. 2d 20.)

For the appellant there was a brief and oral argument by *Bruce C. O'Neill* of Milwaukee.

For the respondents John Lubotsky Motor Sales, Inc., and Sam Marcus there was a brief and oral argument by *Dominick D. Zurlo* of Milwaukee.

HANLEY, J. The sole issue on this appeal is whether the trial court erred in sustaining defendants' demurrers to the amended complaint on the ground that it did not state a cause of action for punitive damages.

It has long been established in Wisconsin that:

" '. . . A prayer for relief is no substantive part of a complaint and the fact that the plaintiff "asks for more relief than that which his pleaded facts entitle him to have is not reached by demurrer." ' " *Northwestern Motor Car, Inc. v. Pope* (1971), 51 Wis. 2d 292, 295, 187 N. W. 2d 200, quoting from *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. 2d 390, 398, 120 N. W. 2d 70; *Trade Press Publishing Co. v. Milwaukee Typographical Union* (1923), 180 Wis. 449, 459, 193 N. W. 507.

The above rule has been reaffirmed as recently as last month. *Hertz Corporation v. Red Rooster Cheese Co.* (1972), 55 Wis. 2d 701, 200 N. W. 2d 603.

If the complaint is sufficient to entitle the plaintiff to any of the relief demanded, a demurrer to it should not be sustained. *Klauser v. Reeves* (1937), 226 Wis. 305, 276 N. W. 356.

In addition to her request for punitive damages, appellant's complaint prays for out-of-pocket losses of $983.35, and for this reason it was immaterial at the demurrer stage whether plaintiff has set forth sufficient facts which might at a future time entitle her to place

the question of punitive damages squarely before the fact finder.

In referring to a claim that a complaint was demurrable because of the unreasonableness of certain liquidated damages prayed for, the court in *Northwestern Motor Car, Inc. v. Pope, supra,* at page 295 stated:

"It cannot be reached here by demurrer but is a question to be determined *after trial.*" (Emphasis supplied.)

We find no reason why the question of whether punitive damages will lie for the fraudulent inducement to contract should now be decided solely upon the basis of a demurrer where all allegations must be liberally construed and accepted as true instead of upon a careful analysis of a record which has been completed and closed.

*By the Court.*—Order reversed and cause remanded for further proceedings.