**Lesley J. DRAKE, Plaintiff,**

v.

**WHAM–O MANUFACTURING COMPANY and Mission Equities Insurance Company, Defendants.**

No. 73–C–622.

United States District Court,
E. D. Wisconsin.

March 29, 1974.

Schellinger & Doyle by Stanley F. Schellinger, John A. Hamell, Jr., Milwaukee, Wis., and Bryan A. Frame, II, Waukesha, Wis., for plaintiff.

DeVries, Vlasak & Schallert by Stephen C. DeVries, John A. Palenz, and Lawrence F. Waddick, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks to recover from the defendants for the death of her husband. It is alleged that he was fatally injured while using a recreational product called "Slip 'n Slide" manufactured by the defendant Wham-O Manufacturing Company. Jurisdiction is based on diversity of citizenship.

The complaint is divided into three designated causes of action. The first cause alleges negligence and strict liability in tort, the second claims breach of implied warranty and the third charges a wanton disregard for the safety and well being of the deceased. The purpose of the contention added by the third cause of action is to set the stage for punitive damages which are demanded in the ad damnum clause. Motions to dismiss the second and third causes of action have been filed.

The defendants urge that the second cause of action fails to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. They point out that there is no privity of contract alleged between the deceased and the manufacturer, and they also state that privity is required in actions for breach of implied warranty. The plaintiff counters that the deceased had privity by virtue of being a guest of the actual purchaser, that an exception to the privity rule exists because the product is inherently dangerous, and that the privity requirement should be abolished.

Assuming that the deceased qualified as a guest of the purchaser within the meaning of § 402.318 Wis.Stats., it does not follow that the privity requirement is satisfied in this case. The deceased would simply be considered in the same position as the buyer. Privity between the buyer and the defendant manufacturer is not alleged here; indeed it is impliedly conceded by the plaintiff that the product was purchased from a retailer. In Dippel v. Sciano, 37 Wis.2d 443, 463, 155 N.W.2d 55 (1967), the Wisconsin supreme court reaffirmed the requirement of privity between the buyer or qualified user and the manufacturer in breach of implied warranty actions. Thus, the requirement is applicable here.

The plaintiff's claim of an exception is also unsound. The "inherently dangerous product" exception to the privity rule evolved from cases in which remote vendees were injured as the result of *negligence* on the part of manufacturers.

Beznor v. Howell, 203 Wis. 1, 233 N.W. 758 (1930). Ultimately, Wisconsin abrogated the privity rule in tort actions for negligence against manufacturers and suppliers, but in doing so, the court specifically retained it with respect to breach of implied warranty claims. Smith v. Atco Co., 6 Wis.2d 371, 383 n.2, 94 N.W.2d 697 (1959). The court stated in *Atco* that abolition of the privity requirement in negligence cases would "eliminate any necessity of determining whether a particular product is 'inherently dangerous'." 6 Wis.2d at 371, 94 N.W.2d at 704. It follows, therefore, that the exception was not considered applicable to breach of implied warranty claims.

The plaintiff's principal response to the defendants' challenge is a request that this court completely abrogate the privity rule in Wisconsin. It is suggested that the Wisconsin court, in Air Products & Chemicals, Inc. v. Fairbanks Morse, Inc., 58 Wis.2d 193, 206 N.W.2d 414 (1973), took the first step toward such action. The *Air Products* decision relied on a Pennsylvania case doing away with the privity requirement in implied warranty actions. Kassab v. Central Soya, 432 Pa. 217, 246 A.2d 848 (1968). However, the question presented to the Wisconsin court was one of Pennsylvania law. Furthermore, a different issue was presented in *Air Products*; the Kassab case was used only to demonstrate the Pennsylvania court's views on matters raised indirectly therein.

▪ I do not believe that abrogation of the privity requirement in implied warranty cases by the state supreme court is so imminent as to justify this court in anticipating it. In Strahlendorf v. Walgreen Co., 16 Wis.2d 421, 114 N.W.2d 823 (1962), the court recognized the defects in the privity rule in implied warranty cases and indicated that the end of the rule might be in sight, but it was reluctant to abrogate at that time. When Dippel v. Sciano, 37 Wis.2d 443, 155 N.W.2d 55 (1967), adopted the rule of strict liability in tort, the court point-

ed out that it had been wise to refrain from throwing out privity in implied warranty cases. The court observed that many courts which had abrogated the rule had thereafter been forced to create legal fictions in order to reconcile the traditionally contractual nature of the implied warranty theory with the essentially tortious nature of the claims to which the theory was being applied.

*Dippel* concluded with an affirmation of the privity requirement in implied warranty cases and an assertion that the rule of strict liability in tort should be relied on in cases such as the one at bar. 37 Wis.2d at 463, 155 N.W.2d 55. In Gies v. Nissen Corp., 57 Wis.2d 371, 386–387, 204 N.W.2d 519, 527 (1973), the court again affirmed its position: " . . . the further allegation of breach of warranty adds nothing once 'strict liability' as set forth in *Dippel, supra,* has been alleged." It follows, therefore, that the second cause of action in this case fails to state a claim upon which relief can be granted.

The third cause of action is a repetition of the first with the added allegation of a wanton disregard for the safety and well being of the deceased. Clearly it is designed to justify seeking punitive damages. The defendants urge that punitive damages are only available for intentional torts and, therefore, that this cause of action fails to state a claim upon which relief can be granted.

While the Wisconsin supreme court has been somewhat strict in allowing exemplary damages, I believe it is inaccurate to suggest that the court has limited their availability to cases involving direct allegations of traditional intentional torts. In Entzminger v. Ford Motor Co., 47 Wis.2d 751, 177 N.W.2d 899 (1970), the court, while stating that punitive damages were not available for "mere breach of contract", recognized that a breach could conceivably involve "those characteristics which constitute it a tort". 47 Wis.2d at 757, 177 N.W.2d at 903. The trial court's striking of punitive damages was upheld because of

agreement with the finding that there had been no malice or wilful disregard of the plaintiff's rights. A showing of tortious conduct attended with malice or wanton or reckless disregard of personal rights allows the assessment of punitive damages in Wisconsin. Kink v. Combs, 28 Wis.2d 65, 79, 135 N.W.2d 789 (1965).

The defendants also argue, however, that in any event exemplary damages may not be allowed in product liability actions based primarily on strict liability in tort. In Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962), the state supreme court abolished the doctrine of gross negligence. In a dictum, the court stated: "We recognize the abolition of gross negligence does away with the basis for punitive damages in negligence cases." 16 Wis.2d at 18, 114 N.W.2d at 113. It now appears that in Wisconsin claims based on strict liability in tort are considered akin to negligence per se claims. Gies v. Nissen Corp., 57 Wis.2d 371, 384, 204 N.W.2d 519 (1973).

It would appear, therefore, that a plaintiff simply alleging a claim under the doctrine of strict liability in tort would not be entitled to recover punitive damages. The allegations and proof required under § 402A of the Restatement of Torts, Second, which would entitle a claimant to compensatory damages would be insufficient to justify an award of punitive damages.

In the instant case, on the other hand, the plaintiff has also alleged that the defendant Wham-O "was guilty of a wanton disregard for the safety and well-being of [the deceased]". As previously noted, the Wisconsin court has indicated that exemplary damages are allowable where there is "a showing of wanton, willful or reckless disregard of the plaintiff's rights". Kink v. Combs, 28 Wis.2d 65, 79, 135 N.W.2d 789, 797 (1965).

There is significant authority for allowing punitive damages in product liability cases containing allegations such as those presented here. Smith v.

Little, Brown & Co., 273 F.Supp. 870 (S.D.N.Y.1967); Toole v. Richardson-Merrell, Inc., 251 Cal.App.2d 689, 60 Cal.Rptr. 398 (1967); Moore v. Jewel Tea Co., 116 Ill.App.2d 109, 253 N.E.2d 636 (1969), aff'd, 46 Ill.2d 288, 263 N.E.2d 103 (1970); Hafner v. Guerlain, Inc., 34 A.D.2d 162, 310 N.Y.S.2d 141 (N.Y.1970). Cf. Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832 (2nd Cir. 1967). Where the principal claim is based on strict liability in tort and there is an additional claim of wanton disregard of the plaintiff's rights, it is a simple matter to allow the plaintiff to make a supplementary showing of aggravating conduct for the purpose of proving entitlement to punitive damages. Note, Allowance of Punitive Damage Awards in Product Liability Claims, 6 Ga.L.Rev. 613, 627 (1972). I believe Wisconsin law would arguably allow such an attempt.

■■ Perhaps the principal determinant in considering this question is that a claim for punitive damages is considered a prayer for a specific type of relief in Wisconsin, not a part of the claim itself, and is therefore not demurrable. Draeger v. John Lubotsky Motor Sales, Inc., 56 Wis.2d 419, 202 N.W.2d 20 (1972). The availability of the relief should be determined "upon a careful analysis of a record which has been completed and closed". 56 Wis.2d at 424, 202 N.W.2d at 23. I recognize that a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted is not precisely analogous to a state demurrer. Indeed, by definition the ultimate availability of the specific relief requested is a key factor in resolving the motion. However, I believe Wisconsin law clearly ties the availability of punitive damages to the facts proved rather than the formal theory of recovery alleged. On the basis of the amended complaint before me, I cannot preclude the possibility of the plaintiff's proving facts which would satisfy the Wisconsin requirements.

Therefore, it is ordered that the defendants' motion to dismiss the second cause of action be and hereby is granted.

It is also ordered that the defendants' motion to dismiss the third cause of action be and hereby is denied.