Bruce E. WALBRUN, Plaintiff,

v.

BERKEL, INCORPORATED, an Illinois Corporation, Defendant.

No. 75–C–737.

United States District Court,
E. D. Wisconsin.

Dec. 15, 1976.

---

Jean Seaburg, Habush, Gillick, Habush, Davis & Murphy, Milwaukee, Wis., for plaintiff.

Robert C. Burrell, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for defendant.

## ORDER

WARREN, District Judge.

The plaintiff commenced this action to recover damages for injuries sustained as a result of defendant's alleged negligent, careless and reckless design, manufacture, assembly, sale and distribution of a defective product. The plaintiff also seeks to recover punitive damages in the amount of one million dollars for the alleged reckless disregard of plaintiff's rights. Jurisdiction is predicated upon the diversity of citizenship of the parties. 28 U.S.C. § 1332.

On February 5, 1976, the defendant filed a motion to strike those allegations relating to punitive damages on the ground that said allegations are immaterial, impertinent, and redundant. The sole question raised in this motion is whether punitive damages may be recovered in a "products liability" case under Wisconsin law.

In *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105 (1962), the Wisconsin Supreme Court all but eliminated punitive damages in cases involving gross negligence.

. . . We recognize the abolition of gross negligence does away with the basis for punitive damages in negligence cases. But punitive damages are given, not to compensate the plaintiff for his injury, but to punish and deter the tort feasor, and were acquired by gross negligence as accouterments of intentional torts. Willful and intentional torts, of course, still exist, but should not be confused with negligence. (See sec. 481, p. 1260 Restatement 2 Torts) The protection of the public from such conduct or from reckless, wanton, or willful conduct is best served by the criminal laws of the state. 16 Wis.2d at 18, 114 N.W.2d at 113.

■ Punitive damages are of course recoverable in the intentional tort type of case. *Kink v. Combs*, 28 Wis.2d 65, 135 N.W.2d 789 (1965). Examples of intentional tort cases which permit the recovery of punitive damages include, *inter alia*, assault and battery, slander, libel, seduction, and malicious prosecution. See, *Entzminger v. Ford Motor Co.*, 47 Wis.2d 751, 177 N.W.2d 899 (1969).

It therefore appears that punitive damages have been eliminated in Wisconsin except for those cases involving intentional torts. Plaintiff contends, however, that punitive damages are recoverable in the more aggravated types of product liability cases where it is alleged that the defendant acted in wanton disregard for the safety and well-being of the injured party. In this regard, plaintiff relies upon *Drake v. Wham–O Manufacturing Co.*, 373 F.Supp. 608 (E.D.Wis.1974). In *Drake*, Judge Gordon held that punitive damages are recoverable in product liability cases where there is "a showing of wanton, willful or reckless disregard of the plaintiff's rights." 373 F.Supp. at 610. In so holding, Judge Gordon relied upon the Wisconsin Supreme Court's decision in *Kink v. Combs, supra.*

This Court is not persuaded that *Drake* correctly applied the Wisconsin punitive damage rule. The *Kink* case involved the intentional torts of rape and assault and battery. The somewhat ambiguous language in the *Kink* opinion to the effect that the wanton, willful or reckless disregard of another's rights gives rise to punitive damages must be construed in the context of that case. Such conduct when viewed in the context of a negligence case merely gives rise to "gross negligence." In the case of negligent conduct, however aggravating, the Wisconsin Supreme Court has expressly precluded the recovery of punitive damages. *Bielski v. Schulze, supra.*

For the foregoing reasons, it is

ORDERED that defendant's motion to strike those allegations relating to punitive damages be and is hereby GRANTED.

So ordered this 15th day of December, 1976 at Milwaukee, Wisconsin.