SCHMITT, Appellant, v. OSBORNE, and wife, Respondents.

*No. 75–633.  Submitted on briefs September 6, 1977.—Decided October 4, 1977.*

(Also reported in 257 N. W. 2d 844.)

20

For the appellant the cause was submitted on the brief of *James H. Mason* of Land O'Lakes.

For the respondents the cause was submitted on the brief of *Drager, O'Brien, Anderson & Stroh* of Eagle River.

BEILFUSS, C. J. The complaint, in substance, alleges the following facts:[1]

[1] Additional facts appear in the affidavits in support of the motion for summary judgment but are excluded in our consideration of the demurrer.

Judith Schmitt, the plaintiff, is the daughter of the defendants Sam Osborne and his wife Katherine Osborne. The Osbornes, in April of 1974, were the owners of a described parcel of land and the home located thereon in the Town of Manitowish Waters in Vilas county. The premises in question were subject to a note and mortgage held by a bank in Freeport, Illinois. The note and mortgage were delinquent and the Osbornes were in imminent danger of losing them by foreclosure.

The plaintiff-daughter and parent-defendants entered into an oral agreement whereby the plaintiff would pay and make available sufficient sums of money to enable the defendants to compromise and settle the claim of the bank. In turn, the defendants agreed to convey title to the premises to the plaintiff, and plaintiff further agreed that the defendants could continue to live in and occupy the premises for so long as they might wish to do so.

Pursuant to this oral agreement the plaintiff did purchase a certified check in the amount of $35,000 which was sent to the attorney representing the defendants in regard to the claim of the bank. The bank's claim was settled, expenses and attorney's fees paid for a total amount of $32,254.95. The balance of $2,745.05 was returned to the plaintiff.

The plaintiff then demanded the defendants convey the title of the premises to her pursuant to the oral contract. The defendants refused and continue to refuse to so convey.

The plaintiff alleges that the defendants will be unjustly enriched if the agreement is not enforced. She further alleges that at the time the agreement was entered into the defendants were without any financial means to respond in damages or repay her, and that both she and the defendants were aware of such fact; and that she entered into the agreement and performed her

part in good faith and reliance upon the agreement, all with the knowledge and consent of the defendants.

The trial court concluded the plaintiff's right to a money judgment based upon unjust enrichment was an adequate remedy. However the court sustained the demurrer because specific performance, not a money judgment for unjust enrichment, was demanded by the plaintiff in her complaint.

Sec. 263.07, Stats.,[2] provides:

> *"General demurrer limited.* In case of a general demurrer to a complaint, if upon the facts stated, construing the pleading as provided in section 263.27, plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress."

Sec. 263.27, Stats.,[3] and the case law of this state require that pleadings shall be liberally construed. Therefore if the amended complaint states any bases for judicial relief the demurrer should be overruled.

Consistent with the rules, this court has held a prayer for relief is not a part of the complaint and even where the plaintiff prayed for relief not obtainable under the facts as alleged, a demurrer for failure to state a cause of action does not reach that question.[4]

From the application of these rules we must hold that if plaintiff-appellant's complaint stated facts sufficient

---

[2] This section was applicable when this case was decided by the trial court.

[3] "263.27 *Pleadings liberally construed.* In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

[4] *Theune v. Sheboygan,* 57 Wis.2d 417, 424, 204 N.W.2d 470 (1973); *Draeger v. John Lubotsky Motor Sales,* 56 Wis.2d 419, 423, 202 N.W.2d 20 (1972); *D'Angelo v. Cornell Paperboard Products Co.,* 19 Wis.2d 390, 398, 120 N.W.2d 70 (1963).

to constitute any cause of action the demurrer must be overruled.

█

The trial court, by necessary implication, held the complaint stated a cause of action for unjust enrichment. We agree.

In *Arjay Investment Co. v. Kohlmetz*, 9 Wis.2d 535, 538, 101 N.W.2d 700 (1960), we stated:

"Under the theory of unjust enrichment it is immaterial whether the defendant and the plaintiff entered into a void contract. The plaintiff is not seeking to have the defendant perform the alleged contract. It is seeking the return of its money. Money paid under an oral contract void because of the statute of frauds may be recovered on the theory that it was paid without consideration because the law implies a promise of repayment when no rule of public policy or good morals has been violated. [Cases cited.]"

Even though we have concluded the amended complaint does state a cause of action and that the demurrer should be overruled, the major legal issue between the parties at this stage has not been resolved.

The trial court concluded that the demurrer should be sustained because the oral contract to convey land did not come within the statutory exceptions to the Statute of Frauds.

The appellant contends the facts as alleged come within the exceptions and that she does state a cause of action for specific performance.

█

Secs. 706.01 and 706.02, Stats., insofar as they apply to the facts alleged here, in substance require that every transaction by which an interest in land is aliened or assigned must be by conveyance, which in turn is defined as a written instrument and shall be void unless the conveyance is in compliance with formal requisites of sec. 706.02.

Sec. 706.04, Stats., provides for equitable relief and is as follows:

*"Equitable relief.* A transaction which does not satisfy one or more of the requirements of s. 706.02 may be enforceable in whole or in part under doctrines of equity, provided all of the elements of the transaction are clearly and satisfactorily proved and, in addition:

"(1) The deficiency of the conveyance may be supplied by reformation in equity; or

"(2) The party against whom enforcement is sought would be unjustly enriched if enforcement of the transaction were denied; or

"(3) The party against whom enforcement is sought is equitably estopped from asserting the deficiency. A party may be so estopped whenever, pursuant to the transaction and in good faith reliance thereon, the party claiming estoppel has changed his position to his substantial detriment under circumstances such that the detriment so incurred may not be effectively recovered otherwise than by enforcement of the transaction, and either:

"(a) The grantee has been admitted into substantial possession or use of the premises or has been permitted to retain such possession or use after termination of a prior right thereto; or

"(b) The detriment so incurred was incurred with the prior knowing consent or approval of the party sought to be estopped."

The amended complaint alleges that the Osbornes will be unjustly enriched if the contract is not enforced. This is unmistakably a reference to sec. 706.04(2), Stats., which notes that specific performance may be ordered if "[t]he party against whom enforcement is sought would be unjustly enriched if enforcement of the transaction were denied."

The amended complaint further alleges that the plaintiff has fully performed her part of the bargain, that the defendants have refused to perform their part, that at the time the agreement was made, and now, the de-

fendants were without means to respond in damages or make restitution, that defendants and plaintiff were aware of this fact, that plaintiff performed in reliance of full performance and that her performance was made "with the prior knowing consent of said defendants." These allegations are consistent with the exception of sec. 706.04(3)(b), Stats.

The premises being the homestead of the defendants, with a $25,000 exemption from execution, make her remedy of a money judgment nearly worthless.

Construing the complaint liberally as we must, the complaint sets forth a cause of action for specific performance of the oral contract. The complaint contains allegations which could, if proven, remove the transaction from the bar of the Statute of Frauds.

As set forth above, the trial court dismissed the plaintiff's motion for summary judgment. The motion was not denied on its merits but simply dismissed and we believe properly so. Because of the pendency of the demurrer the defendants were not required to answer and have not done so. The contested issues as they appear after an answer has been filed are an important and necessary concern in ruling on a motion for summary judgment.[5] The defendants assert they have not filed counter-affidavits upon the court. We believe that in this case the motion for summary judgment was premature.

The order appealed from should be affirmed insofar as it dismissed the motion for summary judgment; it should be reversed insofar as it sustained the demurrer, and remanded with the right to the defendants to answer within twenty days of remittitur.

*By the Court.*—Order affirmed in part; reversed in part, and remanded with directions.

---

[5] *See Marshall v. Miles*, 54 Wis.2d 155, 194 N.W.2d 630 (1972).