**Juanita SIMMONS, Plaintiff,**

v.

**ATLAS VAC MACHINE COMPANY and American Mutual Insurance Company, Defendants and Third-Party Plaintiffs,**

v.

**MYRO, INC., a Domestic Corporation, Third-Party Defendant.**

No. 78–C–642.

United States District Court, E. D. Wisconsin.

Sept. 24, 1979.

Marjan R. Kmiec, Richard A. Sachs Jr., Milwaukee, Wis., for plaintiff.

Frank A. Scherkenbach, Robert C. Burrell, Terry E. Johnson, Milwaukee, Wis., for defendants and third party plaintiffs.

D. M. Quale, Milwaukee, Wis., for third party defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a diversity action based on claims in strict liability and negligence, in which action the plaintiff alleges that a machine manufactured by the defendant Atlas Vac Machine Co. and used by her employer caused severe and permanent injury to her left hand. She claims compensatory damages in the amount of $250,000 and punitive damages of $1,000,000. Defendants have moved to strike the claim for punitive damages on the ground that Wisconsin law does not allow punitive damages in actions in negligence or strict liability. The motion will be denied for the reasons stated below.

No recent Wisconsin case law directly on point has been cited by either party. In dicta in *Bielski v. Schulze*, 16 Wis.2d 1, 18, 114 N.W.2d 105, 113 (1962), the Court stated:

"* * * We recognize the abolition of gross negligence does away with the basis for punitive damages in negligence cases. But punitive damages are given, not to compensate the plaintiff for his injury, but to punish and deter the tortfeasor, and were acquired by gross negligence as accoutrements of intentional torts. Wilful and intentional torts, of course, still exist, but should not be confused with negligence. * * * The protection of the public from such conduct or from reckless, wanton, or wilful conduct is best served by the criminal laws of the state. * * * "

However, just three years later in a civil action for assault and battery, the Court refused to abandon the practice of permitting punitive damages in certain cases. Punitive damages were viewed specifically as a deterrent to certain crimes which more than likely would go "unpunished by the public prosecutor." *Kink v. Combs*, 28 Wis.2d 65, 80, 135 N.W.2d 789 (1965). In addition, punitive damages have been found appropriate to breach of contract actions in which the "character of the offense [has] the outrageousness associated with serious crime" [*Entzminger v. Ford Motor Co.*, 47 Wis.2d 751, 758, 177 N.W.2d 899, 903 (1970)], and in actions based on the tort of bad faith against an insurer for refusing to pay a claim where plaintiff makes a showing of evil intent, special ill-will, wanton disregard of duty, or gross or outrageous conduct [*Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978)].

The precise issue of whether punitive damages are recoverable in strict liability and negligence has been faced by both Judge Myron Gordon and Judge Robert Warren in cases filed in this district. In *Walbrun v. Berkel, Inc.*, 433 F.Supp. 384 (1976), Judge Warren relied on *Bielski*, supra, and ruled that the Wisconsin Supreme Court has precluded the recovery of punitive damages in products liability cases.

Judge Gordon, on the other hand, in *Drake v. Wham-O Manufacturing Co.*, 373 F.Supp. 608 (1974), found that in an action in strict liability in which the plaintiff alleged that the defendant was " 'guilty of a wanton disregard for the safety and well-being of [the deceased]' " the trial court

would allow plaintiff to make "a supplementary showing of aggravating conduct for the purpose of proving entitlement to punitive damages." 373 F.Supp., at 610 and 611, respectively. Judge Gordon stated that Wisconsin law would arguably allow such an attempt.

Under the current state of Wisconsin law, this Court also finds that the punitive damage claim should not be dismissed at the pleading stage of the action. Rather, plaintiff should be given a chance to make the supplemental showing necessary to establish, if possible, her entitlement to punitive damages.

IT IS THEREFORE ORDERED that defendants' motion to strike plaintiff's punitive damage claim is denied.