Carlotta J. KIRSCHNIK and James L. Kirschnik, Plaintiffs,

v.

PEPSI–COLA METROPOLITAN BOTTLING COMPANY, INC., a Foreign Corporation, and Pepsico, Inc., a Foreign Corporation, Defendants.

No. 79–C–137.

United States District Court, E. D. Wisconsin.

Oct. 29, 1979.

Proctor D. Robison, Frisch, Dudek & Slattery, Milwaukee, Wis., for plaintiffs.

Craig W. Nelson, Law Offices of Ronald L. Piette, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiffs in this products liability personal injury action seek compensatory and punitive damages for an injury allegedly sustained in opening a soda bottle. The complaint pleads separate claims for relief on the basis of negligence, strict liability, common law fraud and willful, wanton conduct.

Pursuant to Rule 12(b)(6) and (f) of the Federal Rules of Civil Procedure, the defendants Pepsi-Cola Metropolitan Bottling Company and Pepsico have filed a motion to dismiss and strike paragraphs 12 through 18 and paragraphs 24 through 30 of the plaintiffs' complaint. These paragraphs concern the plaintiffs' allegations of common law fraud and willful, wanton conduct, as well as their request for punitive damages. Defendants contend that these claims should be stricken because punitive damages are not available in negligence actions and that the plaintiffs' claims of common law fraud are an attempt to circumvent this Court's ruling that punitive damages are not recoverable in actions based on negligence. *Walbrun v. Berkel, Inc.*, 433 F.Supp. 384, 385 (E.D.Wis.1976). Plaintiffs also urge the Court to reconsider its holding in *Berkel, supra*, in light of the recent decision of the Wisconsin Supreme Court in *Cieslewicz v. Mutual Service Casualty Ins. Co.*, 84 Wis.2d 91, 267 N.W.2d 595

(1978), wherein the court, in a footnote, noted its own opinion in *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105 (1962) and opined that the commentators were not reading *Bielski* as barring punitive damages in all negligence cases.

Ordinary negligence has not been the basis for awarding punitive damages in Wisconsin for many years. In *Meshane v. Second Street Co.*, 197 Wis. 382, 387, 222 N.W. 320, 322 (1928), the court stated:

It is evident, however, from all the authorities that in any particular case, not in and of itself a malicious action, in order that punitive damages may be assessed something must be shown over and above the mere breach of duty for which compensatory damages can be given. That is, a showing of a bad intent deserving punishment, or something in the nature of special ill will towards the person injured, or a wanton, deliberate disregard of the particular duty then being breached, or that which resembles gross, as distinguished from ordinary negligence.

In *Bielski v. Schulze, supra*, the Wisconsin Supreme Court abolished the doctrine of gross negligence and indicates that punitive damages were no longer available in any negligence action. The court stated:

We recognize the abolition of gross negligence does away with the basis of punitive damages in negligence cases. But punitive damages are given, not to compensate the plaintiff for his injury, but to punish and deter the tortfeasor, and were acquired by gross negligence as accoutrements of intentional torts. Willful and intentional torts of course still exist, but should not be confused with negligence. (Sec. 481, p. 1260 Restatement to Torts) The protection of the public from such conduct or from reckless, wanton, or willful conduct is best served by the criminal laws of the state. 16 Wis.2d at 18, 114 N.W.2d at 113.

Recently, the Wisconsin Supreme Court has indicated some equivocation as to whether the language of *Bielski* can be read to bar punitive damages in negligence actions.

In *Cieslewicz v. Mutual Service Service Casualty Ins. Co., supra,* the court noted: it is an open question whether punitive damages may be awarded in Wisconsin in the context of a negligent tort. When we abolished the doctrine of gross negligence in *Bielski v. Schulze,* 16 Wis.2d 1, 18, 114 N.W.2d 105 (1962), we used language that can be read as suggesting that punitive damages are inappropriate in negligence cases. The commentators, however, have not read this language as precluding punitive damages in those cases. Waltner and Plein, Punitive Damages: A Critical Analysis: *Kink v. Combs,* 49 Marq.L.Rev. 369, 374 (1965); Ghiardi, [Punitive Damages in Wisconsin] 60 Marq.L.Rev. 753, 775 (1977).

Relying on the Wisconsin Supreme Court's opinion in *Kink v. Combs,* the commentators cited by the court indicated that in particular circumstances, punitive damages might be available in a negligence action when the defendant's conduct was willful and wanton. Ghiardi, Punitive Damages in Wisconsin, 60 Marq.L.Rev. 753 (1977).

In *Kink v. Combs,* 28 Wis.2d 65, 79, 135 N.W.2d 789, 797 (1964), the court stated "[f]or the award of punitive damages it is sufficient that there be a showing of wanton, willful or reckless disregard of the plaintiff's rights. 6 C.J.S. Assault and Battery § 55 b (3), page 904."

In *Walbrun v. Berkel, Inc., supra,* however, this Court distinguished the language of *Kink v. Combs, supra,* in regards to negligence actions.

The *Kink* case involved the intentional torts of rape and assault and battery. That somewhat ambiguous language in the *Kink* opinion to the effect that the wanton, willful or reckless disregard of another's rights gives rise to punitive damages must be construed in the context of that case. Such conduct when viewed in the context of a negligence case merely gives rise to "gross negligence." In the case of negligent conduct, however aggravating, the Wisconsin Supreme Court has expressly precluded the recovery of punitive damages. *Bielski v. Schulze.*

■ Cognizant of the apparent uncertainty created by the language of *Cieslewicz, supra,* and the responsibility of a federal court in interpreting the laws of the state in which it sits when that law is unclear, this Court, nevertheless, adheres to its opinion in *Walbrun v. Berkel.* On the basis of the case law in Wisconsin, punitive damages are not available in actions based on negligence or strict liability. The Court is unconvinced that the language in *Cieslewicz* affects the decisions of the Wisconsin Supreme Court in *Bielski* and *Meshane, supra.* In addition, the Court notes that at least one of the commentators cited by the Wisconsin Supreme Court in *Cieslewicz* has subsequently found this Court's reasoning in *Walbrun* compelling. Professor Ghiardi has recently concluded that this Court's decision in *Walbrun* is "clearly in line with existing Wisconsin law that in the absence of intentional conduct punitive damages are not to be awarded." Ghiardi and Koehn, Punitive Damages in Strict Liability Cases, 61 Marq. L.Rev. 246, 249 (1977).

In paragraphs 12 through 18 and paragraphs 24 through 30, the plaintiffs allege causes of action based on common law fraud and misrepresentation. The plaintiffs also allege that the defendants acted willfully and wantonly and, therefore, request punitive damages. The Wisconsin Supreme Court has held punitive damages are recoverable in actions based on fraud when the wrong was inflicted under "circumstances of aggravation, insult or cruelty, with vindictiveness or malice." *D. R. W. Corporation v. Cordes,* 65 Wis.2d 303, 310, 222 N.W.2d 671, 676 (1974), *citing Mid-Refrigerator Company v. Straka,* 47 Wis.2d 739, 747, 178 N.W.2d 28 (1974).

The defendants allege that the only basis for recovery in this case is in negligence or strict liability and the plaintiffs' allegations of common law fraud seek only to circumvent the prohibition on punitive damages in such cases. The elements of a cause of action, based on fraud and misrepresentation, however, are different from the elements of a cause of action based on negligence or strict liability.

Generally, to prevail on a cause of action founded on fraud, a plaintiff must show: 1) a false representation; 2) made with intent to defraud and for the purpose of inducing another to act on it; and 3) the other person must rely on it to his detriment. *Goerke v. Vojvodich*, 67 Wis.2d 102, 107, 226 N.W.2d 211 (1974). In addition, where the plaintiff alleges fraudulent concealment, he "bears the burden of showing both that the defendant had a duty to disclose the information and that the plaintiff was justified in relying on the defendant to disclose. Mere silence in absence of a duty to disclose does not constitute misrepresentation." *Guyer v. Cities Service Oil Co.*, 440 F.Supp. 630, 632 (E.D.Wis.1977).

In the instant case, the plaintiff contends that the defendant represented the bottle to be safe when it placed it in the stores for sale. There is, however, no allegation of any affirmative misrepresentation. Thus, in this case for the plaintiff to prevail, she will have to show that the defendants were under a duty to inform the plaintiff and that the plaintiff was justified in relying on the defendant to do so. *Guyer v. Cities Service Oil Co., supra.* In addition, the plaintiff will have to show an intent to defraud which she does not have to show to prove negligence or strict liability.

Although defendants' argument that the case is essentially a products liability case is well-taken, this does not preclude the plaintiffs from bringing an action based on fraud because the elements of fraud differ from the elements of a negligence or strict liability action. *See* 75 A.L.R.2d Products Liability § 18. Therefore, if the plaintiff is able to sustain her burden of proof, she will be entitled to recover on the basis of fraud.

The Court notes that such a possibility might also allow the plaintiff to recover punitive damages in what is essentially a products liability case. The Court believes, however, in such a case where the plaintiff can show knowledge and intent to defraud, that punitive damages might be appropriate. Punitive damages are not usually appropriate in products liability cases based on negligence or strict liability because there is no requirement of showing that a producer knew a product was defective when made and, therefore, there is no showing of any wrongful action.

Based on the foregoing analysis, the defendants' motion to dismiss and strike paragraphs 12 through 15 and paragraphs 24 through 27 must be and is hereby denied.

In paragraphs 17, 18, 29 and 30 of the complaint, the plaintiffs reallege their claim of fraud and allege that the defendants acted willfully and wantonly entitling the plaintiffs to punitive damages which are available under the law of Wisconsin in this circumstance. Therefore, the Court finds that at this stage in the proceedings, the defendants' motion to dismiss and strike paragraphs 17, 18, 29 and 30 of the plaintiffs' complaint must be and is hereby denied.

In paragraphs 16 and 28, the plaintiffs have requested punitive damages based only on their allegations of fraud. Punitive damages are not recoverable for fraudulent conduct absent a showing of willful and wanton conduct. Therefore, the defendants' motion to dismiss and strike paragraphs 16 and 28 of the plaintiffs' complaint must be and hereby is granted.

In summary, the Court reaffirms its holding in *Berkel* that punitive damages are not available in actions based on negligence or strict liability. Furthermore, the defendants' motion to dismiss paragraphs 16 and 28 is hereby granted and defendants' motion to dismiss and strike all other paragraphs of the plaintiffs' complaint is hereby denied.

SO ORDERED this 29th day of October, 1979, at Milwaukee, Wisconsin.